**FILED - GR**
February 26, 2010 2:26 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald_/_____

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAAKESH C. BHAN, M.D.

    Plaintiff,

v.

Court Case No.

Honorable

**1:10-cv-202
Gordon J Quist
U.S. District Judge**

**BATTLE CREEK HEALTH SYSTEM,
TRINITY HEALTH SERVICES,
PATRICK GARRETT,** VICE PRESIDENT
  OF TRINITY HEALTH SERVICES AND
  FORMER CHIEF EXECUTIVE OFFICER
  OF BATTLE CREEK HEALTH SYSTEM,
**JEFFREY MITCHELL, M.D.,** FORMER CHIEF
  MEDICAL OFFICER OF BATTLE CREEK
  HEALTH SYSTEM,
**DENISE BROOKS-WILLIAMS,** PRESIDENT/CHIEF
  EXECUTIVE OFFICER OF BATTLE CREEK
  HEALTH SYSTEM,
**BORGESS MEDICAL CENTER,
ASCENSION HEALTH,
PAUL A. SPAUDE,** PRESIDENT AND
  CHIEF EXECUTIVE OFFICER OF
  BORGESS MEDICAL CENTER,
**TERRY BAXTER, M.D.,** CHIEF MEDICAL
  OFFICER OF BORGESS MEDICAL CENTER,
**ROBERT BRUSH,** CHIEF QUALITY OFFICER OF
  BORGESS MEDICAL CENTER,

    Defendants.

---

Vern J. Steffel, Jr.   (P25218)
Steffel and Steffel
Attorneys for Plaintiff
332 East Columbia Avenue
Battle Creek, MI 49015
Telephone: (269) 962-3545

---

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

1

NOW COMES the Plaintiff, Raakesh C. Bhan, M.D. ("Bhan"), by and through his attorneys, Steffel and Steffel, and as complaint against the above-named Defendants, states unto this Court as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is and at all times pertinent to these proceedings has been a physician duly licensed to practice medicine in the State of Michigan and has been continuously through the date of filing of this Complaint actively engaged in practicing internal medicine and critical care medicine at Battle Creek Health System ("BCHS") and Oaklawn Hospital ("Oaklawn") in Calhoun County, Michigan. Plaintiff is presently under summary suspension at Borgess Medical Center ("Borgess") which is presently under administrative review in Kalamazoo County.

2. Plaintiff has been an intensivist and hospitalist at BCHS continuously since prior to 1986 and has served as the director of the Intensive Care Unit of BCHS since 2003 to summary notice of removal on or about 1/5/10.

3. That your Plaintiff is Board Certified in internal medicine, having conducted a fellowship in critical care medicine and having been certificated in critical care medicine with recertification in year 2000.

4. This court had jurisdiction over the matter in controversy and venue is correct consistent with 11 USC Section 15 28 USC §1331 and further 42 USC §1983, and has supplemental jurisdiction over all State claims per 28 USC §1367. The Defendants are actively engaged in business practices in Western Michigan.

5. That the Defendant, BCHS, actively engages in providing hospital services in Calhoun County, Michigan and is a wholly owned subsidiary of Trinity Health Services its parent corporation.

6. Your Plaintiff is informed and believes that Denise Brooks-Williams ("Williams") and Jeffrey Mitchell, M.D., ("Mitchell") are both residents of Calhoun County, Michigan. Williams is current

Chief Executive Officer of BCHS and Mitchell, was, until recently, and at all times relative to these proceedings as to claims raised against him the Chief Medical Officer of BCHS.

7. Your Plaintiff is informed and believes that Patrick Garrett is a resident of the State of Michigan and is the former Chief Executive Officer of BCHS, and had been chief executive officer of BCHS until the appointment of Williams as CEO of BCHS in 2009.

8. Borgess has its principal offices in Kalamazoo County, Michigan. Ascension is the present corporation to Borgess.

9. The individual Defendants, Paul Spaude ("Spaude") and Terry Baxter, M.D., ("Baxter") are both residents of Kalamazoo County, Michigan, as your Plaintiff is informed and believes. Spaude is Chief Executive Officer of Borgess and Baxter is Chief Medical Officer of Borgess. Robert Brush, M.D. ("Brush") is Chief Quality Officer of Borgess.

10. Plaintiff was a critical care practitioner at Borgess until his stroke on February 27, 2007, and further, was a hospitalist practitioner at Borgess until a summary suspension was initiated against him on April 14, 2009, with formal hearing on the summary suspension administratively pending.

11. That Borgess through agents Spaude, Baxter and Brush implemented unrealistic and unreasonable procedures involving their intensive care unit shortly prior to January of 2007, which mandated that Bhan as an intensivist at Borgess respond at bedside of patients within 5 minutes of paging ("Bedside Policy") which required attendance 24 hours at Borgess to meet the Bedside Policy.

12. Borgess impeded access to residents at Borgess by Bhan and further interfered with other physicians alternatives and contracts arranged by Bhan to attempt to meet Borgess's Bedside Policy.

13. Prior to such implementation of the Bedside Policy the Plaintiff on two occasions attempted to arrange to become a teaching assistant affiliated with KCMS the educational organization partially owned and controlled by Borgess, so as to have access to interns and residents who could then assist in nighttime coverage when necessary.

14. Based upon Plaintiff's race and religion the Plaintiff's effort to arrange such a position was repeatedly rebuked.

15. Thereafter, Plaintiff moved into Borgess, slept in the Borgess hospital facilities overnight so as to comply with Bedside Policy unilateral implemented at Borgess covering the intensive care unit patients at Borgess. The excessively stringent policy was implemented by Borgess with coverage assistance denials by Borgess so as to eliminate ICU competition from the Plaintiff. Baxter at the same time was the spouse of the Senior Member of the competing intensivist practice and Brush was a retired member of the competing intensivist practice.

16. Baxter and Brush intentionally engaged in activity which impeded Bhan from complying with the unreasonable Bedside Policy.

17. That the stress and strains attached to the Bedside Policy and the impediments of Baxter and Brush significantly contributed to the stroke experienced by the Plaintiff on February 27, 2007.

18. That your Plaintiff rehabilitated from his stroke and returned to practice on a full-time basis in approximately April, 2007. On return to full-time practice, your Plaintiff was again discriminated against by Borgess who refused to allow him to return to full practice at the intensive care unit of Borgess as Borgess by then had implemented a closed intensive care unit and prohibited the independent intensivist practice by the Plaintiff in the intensive care unit.

19. That Borgess through its agents Baxter and Brush and BCHS, through its agents, Mitchell and Garrett together conspired to adversely affect the credentials and privileges of the Plaintiff at both Borgess and BCHS and did so with malice and forethought so as to usurp the patient referral base held by Plaintiff at both Borgess and BCHS. That the actions taken against the Plaintiff by Borgess and BCHS have been taken with malice and forethought so as to intentionally disrupt the credentials and privileges of the Plaintiff at both Borgess and BCHS and thereby eliminate Plaintiff as a practitioner both in the intensive care unit and as a hospitalist at both Borgess and BCHS.

20. That following Bhan's stroke both Borgess and BCHS have hired physician employees to serve as hospitalists. Borgess and BCHS are presently horizontal competitors to Bhan.

21. Borgess and BCHS have conspired through Baxter and Mitchell and have agreed not to compete with one another in their markets and have agreed and conspired to intentionally and systematically challenge and remove privileges of Bhan at both Borgess and BCHS and remove Bhan as a competitor to the practices of hospitalists currently established by Borgess and BCHS.

22. That both Borgess and BCHS have engaged in targeted chart review, credentials review and through its malicious, independent actions Borgess has unilaterally, summarily suspended the privileges of the Plaintiff at Borgess and has reported and adverse action as a result of the summary suspension with the National Practitioner Data Bank ("NPDB") thereby causing secondary complications to the Plaintiff with his credentialing at all other facilities where Plaintiff presently possesses privileges and, further, maligning and adversely affecting the business reputation, professional status and referral sources developed by the Plaintiff over his many years of practice as both a hospitalist and an intensivist at Borgess.

23. The BCHS has summarily and inappropriately suspended Bhan from its ICU contrary to its By-laws and without any minimal due process.

24. That in January of 2009, the Credentials Committee and Medical Executive Committee at BCHS resolved to fully reinstate all privileges of the Plaintiff with BCHS. Contrary to these recommendations, Garrett insisted upon multiple duplicative medical examinations of the Plaintiff, all of which confirmed that the Plaintiff suffered no residual cognitive deficiencies as a result of the stroke and, in the opinion of the medical examiners, Bhan was fully capable of returning to full practice as a critical care specialist and general hospitalist.

25. Despite such confirmations BCHS through Mitchell, Garrett and Williams has discriminated against Bhan due to his race and religion and has inappropriately appointed multiple proctors and has harassed and delayed, suspended and recently removed Bhan's ICU privileges at BCHS.

26. Despite the reports and the resolutions, BCHS has refused to date, to reappoint the Plaintiff with full privileges and renew full privileges at BCHS and rather has implemented through its agents Mitchell, Garrett and Williams, multiple proctorships, multiple patient chart reviews and has generally obstructed, declined to renew and delayed multiple applications for privilege renewal by Plaintiff contrary to the normal practices of BCHS, the BCHS By-laws, good faith dealing and Due Process and despite the multiple examination reports assembled by independent medical practitioners confirming that the Plaintiff is fully capable to return to his intensivist practice with full implementation of all privileges.

27. That the actions of Borgess and BCHS against the privileges and practice of the Plaintiff have in each instance been malicious, with intent to adversely impact the practice and the privileges of the Plaintiff.

28. The actions of Borgess and BCHS have been directed and intended to remove Bhan as a competitor and to usurp his legitimate reasonable business exceptions of referral from a referral network established by Bhan over many years of practice.

29. That Borgess and Ascension are fully responsible for all actions taken by their employees and agents, Baxter and Brush and Spaude.

30. That BCHS and Trinity are fully responsible for all actions of their employees and agents, directed against the Plaintiff by agents Garrett, Mitchell and Williams.

31. That Borgess through its agents has engaged employee physicians as hospitalists and has found that the Plaintiff is, as a hospitalist, a business competitor and it has conspired with BCHS agents so as to revoke the privileges of the Plaintiff, thereby eliminating the Plaintiff from competition with Borgess.

32. That BCHS through its agents has engaged employee physicians as hospitalists and has found that the Plaintiff is, as a hospitalist, a business competitor and it has conspired with Borgess agents so as to revoke the privileges of the Plaintiff there by eliminate the Plaintiff from competition with BCHS.

33. That Borgess is a substantial provider of medical health in the Kalamazoo County area.

34. That BCHS is the only provider of ICU care in Battle Creek, Michigan and is the majority provider of patient care in Calhoun County, Michigan.

35. That BCHS through its agents has agreed and conspired with Borgess through its agents so as to remove Plaintiff as a practicing hospitalist and intensivist and Borgess has conspired and agreed with BCHS to engage in activity so as to eliminate the competition that the Plaintiff presents to the employee physicians of both Borgess and BCHS.

36. That BCHS has repeatedly delayed and denied reinstatement of renewal of privileges to Bhan despite timely and complete application by the Plaintiff and has required and requested of the Plaintiff multiple reapplications for privileges and has engaged in targeted intentionally discriminatory patient chart reviews and multiple repeated unnecessary proctorships to the serious detriment of the Plaintiff and his professional reputation.

37. That the Defendants Borgess and BCHS through their agents have been engaged in intentional discriminatory practices based upon Plaintiff's national origin (Indian), and/or age (55 years) and/or religion (Hindu).

38. Borgess and BCHS have engaged in actions against Bhan's privileges that have been intentionally designed to interfere with legitimate business expectations and referral sources of the Plaintiff which had, over the many years of practice of the Plaintiff, resulted in a vibrant and productive patient population for which care was rendered by the Plaintiff both a hospitalist and an intensivist.

39. That the intentional actions of Borgess and BCHS through their agents have undermined and significantly adversely affected the medical reputation, referral base and practice of Bhan and has unreasonably and unnecessarily subjected the Plaintiff to professional reputation diminishment with resultant professional reputation reduction and substantial negative practice impact as a result of the actions of Borgess and BCHS through their agents.

## COUNT I.

### DISCRIMINATION AND VIOLATION OF ELLIOTT-LARSEN ACT

40. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 39. above as though stated verbatim therein word-for-word.

41. That the actions of Borgess, BCHS, Garrett, Mitchell, Williams, Spaude, Baxter and Brush have been prohibited actions directed against the Plaintiff and the professional standings of the Plaintiff and is based upon discriminatory practices involving the national origin, age and religion of the Plaintiff, contrary to the expressed provisions of MCL 37.1101 et seq.

42. Borgess and BCHS have violated as alleged above numerous personal rights of Bhan with respect to his privileges and his practice.

WHEREFORE, Plaintiff prays Judgment against all of the Defendants, jointly and severally in whatever amount in excess of One Thousand and no/100 ($100,000.00) Dollars, Bhan is deemed entitled, together with all reasonable attorney fees and costs sustained.

.

## COUNT II.

### BREACH OF FIDUCIARY AND PUBLIC DUTY

43. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 42. above as though stated verbatim therein word-for-word.

44. That both BCHS and Borgess are subject to the fiduciary duty of fair play and honest dealings in administering their facilities and fair play and in dealing with Bhan in renewing and not inappropriately suspending his privileges.

45. That both BCHS and Borgess have breached their fiduciary and public duties of fair play and honest dealings with the Plaintiff in intentionally targeting his medical privileges and engaging in activity adverse to his continuing practice and inappropriately suspending his medical privileges.

WHEREFORE, Plaintiff prays Judgment against the Defendants Borgess, BCHS, Trinity and Ascension in whatever amount in excess to $100,000.00 Dollars, a jury determines appropriate and to which Plaintiff is deemed entitled, together with actual reasonable attorney fees and costs sustained.

### COUNT III.

### VIOLATION OF DUE PROCESS RIGHTS

46. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 35. above as though stated verbatim herein word-for-word.

47. That the Plaintiff has a right of due process and fair dealing consistent with 42 USC 1983 and 1985 and both Defendants, Borgess, BCHS, Trinity and Ascension have violated the due process rights of the Plaintiff contrary to reasonable statutory due process mandates.

WHEREFORE, Plaintiff prays Judgment against all of the Defendants in whatever amount in excess of $100,000.00 Dollars, a jury determines appropriate and to which Plaintiff is deemed entitled, together with all actual reasonable attorney fees and costs sustained.

### COUNT IV.

### LIBEL AND SLANDER

48. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 47. above as though stated verbatim herein word-for-word.

49. That all Defendants have libeled and slandered the Plaintiff's professional status as a medical internist, intensivist and hospitalist by reason of their activities involving the practice and privileges of Bhan.

50. The libel and slander by the Defendants is libel and slander per se as it is directed specifically against the professional skills, status, and privileges held by Bhan.

WHEREFORE, Plaintiff prays Judgment against all of the Defendants in whatever amount in excess of $100,000.00 Dollars, a jury determines appropriate to which Plaintiff is deemed entitled, together with all actual reasonable attorney fees and costs sustained.

## COUNT V.

### CONSPIRACY TO ADVERSELY AFFECT PRIVILEGES OF THE PLAINTIFF

51. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 50. above as though stated verbatim herein word-for-word.

52. That the Defendants conspired to adversely affect the privileges of the Plaintiff and thereby remove him from his medical practice and terminate Plaintiff's privileges at both Borgess and BCHS.

WHEREFORE, Plaintiff prays Judgment against all of the Defendants in whatever amount in excess of $100,000.00 Dollars, a jury determines appropriate and to which Plaintiff is deemed entitled, together with all actual reasonable attorney fees and costs sustained.

## COUNT VI.

### SHERMAN ANTI-TRUST

53. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 52. above as though stated verbatim herein word-for-word.

54. That Borgess, BCHS, Trinity and Ascension have conspired and agreed and arranged to engage in horizontal competitive business competition directly against Bhan and have agreed not to compete with one another in their medical markets and to eliminate Bhan as a competitor in monopolistic practices cooperatively by express agreement, together, so as to minimize the competition that is presented to them by Bhan through his years of service as a hospitalist and intensivist at both Borgess and BCHS thereby incurring costs to the patient populations of both Borgess and BCHS.

55. That the actions taken by the agents of Borgess and BCHS in their concerted efforts to target and remove the privileges of Bhan and thereby create doubts about the professional competency of Bhan and

the abilities of the Plaintiff to conduct his medical practice consistent with the highest standards was directed by reason of the desire to eliminate Bhan as a competing provider to the physicians actually engaged as employee physicians by both Borgess and BCHS.

56. That Borgess and BCHS have, through their actions, expressly violated the provisions of the Federal Sherman Anti-Trust Act, 15 USC §1 et seq. and by reason of said violation are legally responsible to the Plaintiff for damages occasioned through their concerted agreements and activities.

57. That Borgess and BCHS have patients from States surrounding Michigan and both are involved in interstate commerce.

58. That health care costs to patients are increased by reason of the fact that service charges by the private provider Bhan is less than charges by a physician hospitalist, or intensivist employed by Borgess and/or BCHS.

WHEREFORE, Plaintiff prays Judgment against the Defendants, Borgess, BCHS, Trinity and Ascension, in whatever amount in excess of $100,000.00 Dollars, a jury determines appropriate and to which Plaintiff is deemed entitled, together with all actual reasonable attorney fees and costs sustained.

### COUNT VII.

### USURPATION OF LEGITIMATE BUSINESS EXPECTATIONS

59. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 58. above as though stated verbatim herein word-for-word.

60. That the Plaintiff has engaged in medical practice as a hospitalist and intensivist for a period of several decades at both Borgess and BCHS.

61. That the Plaintiff had developed a substantial referral pattern both as a hospitalist and an intensivist through the medical communities and the practitioners in the greater Battle Creek and Kalamazoo area.

62. That almost the entire practice of the Plaintiff has been engaged in at the hospital settings of Borgess and BCHS.

63. That BCHS is an essential facility in that it is the only facility providing primary medical care for the greater Battle Creek metropolitan area and a substantial majority of the patient population in Calhoun County.

64. That Borgess is a substantial hospital providing medical care to a substantial portion of the patient population of the greater Kalamazoo area.

65. That the Plaintiff had a legitimate business expectation that the referral sources would continue to exist and refer patients on admission to Borgess and BCHS to the Plaintiff.

66. That the actions of Borgess intentionally intended to usurp without just cause the legitimate business expectations of Bhan.

67. That the actions of BCHS intentionally intended to usurp without just cause the legitimate business expectations of Bhan.

68. That the actions of Borgess in summarily suspending the privileges of the Plaintiff without just cause was intended directly to usurp the legitimate business expectations of the Plaintiff and the referral sources established by the Plaintiff over his years of practice at Borgess.

69. That the action of BCHS in failing to properly renew the privileges of the Plaintiff without just cause and suspending ICU privileges of Bhan without just cause and inconsistent with its own by-laws was intended to directly usurp the legitimate business expectations of Bhan in continuing to practice as a hospitalist in direct competition with the new employee physicians of BCHS and as an intensivist at BCHS.

70. That there is no impediment to the renewal of privileges by BCHS who should be compelled to renew for the two (2) year term the comprehensive privileges applied for by the Plaintiff, but to this point has delayed through the various actions of BCHS agents as above described.

71. That there is no support to the summary suspension actions of Borgess taken against Bhan and that the summary suspension should be similarly lifted by the Court with instruction to Borgess that all NPDB reportings relative to the suspension be properly withdrawn in total.

WHEREFORE, Plaintiff prays:

A. That all privileges applied for by the Plaintiff be fully instated at both Borgess and BCHS;

B. That the Plaintiff be awarded such damages in excess of One Thousand and no/100 ($100,000.00) Dollars as jury deems appropriate against all Defendants, jointly and severally, as a result of the interference with legitimate business expectations held by Bhan with his referral sources which has been substantially undermined and compromised by reason of the unreasonable unilateral actions of BCHS and Borgess; and

C. That the Plaintiff be awarded damages in excess of One Thousand and no/100 ($100,000.00) Dollars as determined reasonable by the jury for the inappropriate actions of both Borgess and BCHS against the privileges of the Plaintiff at both Borgess and BCHS, together with all actual reasonable attorney fees and costs sustained.

D. That the Plaintiff be awarded such other and further relief as shall be agreeable to equity and good conscience.

## COUNT VIII.

## BREACH OF CONTRACT

72. Your Plaintiff incorporates all allegations set forth in paragraphs 1. - 70. above as though stated verbatim herein word-for-word.

73. That attached hereto and made a part hereof by reference as "Exhibit A" is a set of the By-laws Borgess in place at the time of the summary suspension of the Plaintiff.

74. That Borgess failed, refused and declined to follow its own By-laws with reference to the summary suspension imposed upon the Plaintiff. The notices given and opportunities to appear and

comprehensively address the actions of the agents of Borgess were not in compliance with By-law requirements. No reasonable opportunity to knowledgeably appear before committees was furnished to Bhan.

75. That the By-laws give rise to contractual rights held by the Plaintiff as a practitioner at Borgess.

76. That BCHS failed, refused and declined to follow its own By-laws with reference to the summary suspension imposed upon the Plaintiff. The notices given and opportunities to appear and comprehensively address the actions of the agents of BCHS were not in compliance with By-law requirements. No reasonable opportunity to knowledgeably appear before committees was furnished to Bhan.

77. That the By-laws give rise to contractual rights held by the Plaintiff as a practitioner at BCHS.

78. That the actions of Borgess in derogation of their own By-laws constitute a breach of contract as to Bhan and give rise to damages resulting from the summary suspension of the Plaintiff contrary to the By-laws of Borgess.

79. That Borgess has breached the covenants of good faith and fair dealing arising and existing by reason of its contracted relations with Bhan.

80. Attached as "Exhibit B" is a copy of the By-laws of BCHS.

81. That the By-laws of BCHS do not provide for the removal of the Plaintiff's chairmanship of the Credentialing Committee or as a medical executive committee member. Removal of Bhan from both committees was effected in by BCHS summarily. The By-laws of BCHS do not provide for the continuing resubmitting of demand for medical examination of the Plaintiff and further does not provide without support the failure, refusal and neglecting to renew the privileges of the Plaintiff for the customary two (2) year term provided under the By-laws.

82. That BCHS has breached the covenants of good faith and fair dealing arising and existing by reason of its contracted relations with Bhan.

83. That the By-laws of BCHS do not provide for the proctorships and repeated targeted medical record examination and review being independently undertaken by BCHS against Bhan so as to eliminate the privileges of Bhan at BCHS.

84. That the actions of Borgess and BCHS in failing to follow their own By-laws constitutes breach of contract as to Bhan with damages arising therefrom as a result of the privilege suspension and delayed actions relative to the privileges of Bhan at both Borgess and BCHS.

WHEREFORE, Plaintiff prays:

(A) Judgment for damages against the Defendants Borgess, BCHS, Trinity and Ascension, jointly and severally, in whatever amount in excess of One Thousand and no/100 ($100,000.00) Dollars the trier of fact deems appropriate.

(B) Full Reinstatement of all privileges of Bhan at both Borgess and BCHS;

(C) Such other and further relief as is agreeable to equity and good conscience.

Steffel & Steffel

Date: 2/26/2010

By: _____ P25218
Vern J. Steffel, Jr.   (P25218)
Attorneys for Plaintiff

Prepared by:
Vern J. Steffel, Jr.
Steffel and Steffel
332 East Columbia Avenue
Battle Creek, MI 49015
Telephone: (269) 962-3545
Facsimile: (269) 964-8661
\\stefflelaw1\F\docs\GAIL\PLEADING\BhanBCHSUSDistCoCompl.wpd